**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000987
20-JUN-2014
07:51 AM**

NO. CAAP-12-0000987

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZACHARY FAAMAMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P112-0002161)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Zachary Faamama ("Faamama") appeals from the Notice of Entry of Judgment and/or Order ("Judgment") entered on October 12, 2012[1] by the District Court of the First Circuit, Honolulu Division ("District Court"),[2] finding Faamama guilty of the offense of Assault in the Third Degree, Hawaii Revised Statutes ("HRS") § 707-712(1)(a).[3]

---

[1]     It appears that the file-stamp on the Judgment reflects a clerical error in that the incorrect month, September, was stamped instead of October. Additionally, although the bar code affixed to the Judgment reflects the correct date of filing, October 12, 2012, it may not reflect the correct time. Since the parties have not objected, and the facts of the matter do not appear to be in dispute, we understand the Judgment to have been properly entered on October 12, 2012.

[2]     The Honorable Lono J. Lee presided.

[3]     HRS § 707-712 provides that

     (1) A person commits the offense of assault in the third degree if the person:

          (a)     Intentionally, knowingly, or recklessly causes bodily injury to another person; or

          (b)     Negligently causes bodily injury to another person with a dangerous instrument.

On appeal, Faamama contends that he was deprived of his constitutional right to effective assistance of counsel "where [defense counsel's] errors and omissions during the trial substantially impaired [his] defense of reasonable doubt" because (1) defense counsel should have filed pre-trial motions, (2) counsel's objections during trial were erroneous, (3) counsel's cross-examinations did not assist Faamama's defense and may have hindered his case, and (4) counsel did not adequately conduct pretrial investigation.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Faamama's points as follows:

We review claims of ineffective assistance of counsel on appeal to determine whether, "viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases." *Dan v. State*, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994) (brackets omitted) (quoting *State v. Antone*, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980)) (internal quotation marks omitted).

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case *and* it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then it will be evaluated as information that an ordinary competent criminal attorney should have had.

*Id.* (ellipses and brackets omitted) (quoting *Briones v. State*, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)). "[M]atters presumably within the judgment of counsel, like *trial strategy*, will rarely be second-guessed by judicial hindsight." *State v. Richie*, 88 Hawaiʻi 19, 39-40, 960 P.2d 1227, 1247-48 (1998) (quoting *State v. Smith*, 68 Haw. 304, 311, 712 P.2d 496, 501 (1986)) (internal quotation marks omitted).

_____

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

HAW. REV. STAT. § 707-712 (1993).

2

To demonstrate ineffective assistance of counsel, a defendant is required to prove not only that there were "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence[,]" but also that "such errors or omissions resulted in either the withdrawal or substantial impairment of a potential meritorious defense." *State v. Wakisaka*, 102 Hawai'i 504, 516, 78 P.3d 317, 329 (2003) (quoting *State v. Aplaca*, 74 Haw. 54, 66-67, 837 P.2d 1298, 1305 (1992)) (internal quotation marks omitted).

Faamama points to counsel's failure to file pretrial motions, "perfunctory" cross-examinations, and alleged lack of pretrial investigation as errors or omissions supporting his ineffective assistance of counsel claim. However, these general allegations, without identifying the basis for the motions, which questions, or in what specific respect counsel failed to investigate, are insufficient. *Briones v. State*, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993) ("General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry.").

Additionally, Faamama states that defense counsel's "errors and omissions during the trial substantially impaired Faamama's defense of reasonable doubt." He does not, however, articulate any possible defense that was either withdrawn or substantially impaired by counsel's conduct.

"Reasonable doubt", in and of itself, is not a "defense". Faamama may mean that defense counsel's errors and omissions impaired Faamama's ability to raise a reasonable doubt in the mind of the fact-finder as to one or more of the elements of Assault in the Third Degree. He does not, however, suggest any possible basis upon which doubt could have been raised as to any of the elements of the offense. Although "no showing of 'actual' prejudice is required to prove ineffective assistance of counsel[,]" *Richie*, 88 Hawai'i at 39, 960 P.2d at 1247, there must be at least some suggestion that the result may have been different had defense counsel been effective at trial in order for a defendant to meet his or her burden. *See Wakisaka*, 102 Hawai'i at 516, 78 P.3d at 329.

3

On this basis, therefore, Faamama's ineffective assistance claim is without merit.

"The burden to show ineffective assistance of trial or appellate counsel rests with the petitioner." *Briones*, 74 Haw. at 460, 848 P.2d at 975 (citing *Kimball v. Sadaoka*, 56 Haw. 675, 676, 548 P.2d 268, 269 (1976)). Faamama fails to (1) show that defense counsel engaged in specific actions or omissions that were erroneous, or (2) identify any hypothetical defense that was impaired by defense counsel's actions at trial. *See id.* at 463-64, 848 P.2d at 976-77. Thus, Faamama fails to demonstrate a claim for ineffective assistance of trial counsel.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order entered on October 12, 2012 by the District Court is affirmed.

DATED: Honolulu, Hawai'i, June 20, 2014.

On the briefs:

Tae Won Kim
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge